IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| EDDUARD PRINCE,<br><br>           Plaintiff,<br><br>v.<br><br>ANCESTRY GENOMICS INC, AND DEB LIU,<br><br>           Defendants. | Civil No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, defendants Ancestry Genomics, Inc.[1] ("Ancestry") and Deb Liu ("Liu") hereby remove the above-entitled action, styled Case No. C-24-CV-25-001853, *Edduard Prince v. Ancestry Genomics Inc, et al.*, and all claims and causes of action therein, from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland, Northern Division, and respectfully submit the following in support:

## STATEMENT OF THE CASE

1. Plaintiff Edduard Prince is an individual doing business in Baltimore City.

2. On or about March 4, 2025, plaintiff filed his Complaint in the Circuit Court for Baltimore City styled Case No. C-24-CV-25-001853, *Edduard Prince v. Ancestry Genomics Inc. et al.*

3. The summons and the Complaint were served on Ancestry's statutory agent, C T Corporation System, 1108 E. South Union Avenue, Midvale, UT 84047, by certified mail on May 5, 2025, attached as Exhibit A. There is no record of proper service on Liu.

---

[1] The proper entity name is Ancestry Genomics, Inc. ("Ancestry").

1

4. The Complaint is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

5. Defendants satisfy all procedural requirements, including those of 28 U.S.C. § 1446, and hereby remove this action to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

6. A true and correct copy of this Notice of Removal is being served on plaintiff via email and First-Class mail on this date.

7. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Baltimore City on this date.

8. As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon such defendant" are attached as Exhibit A and are incorporated herein by reference.[2]

9. Ancestry and Liu are the only defendants in this action.

**GROUNDS FOR REMOVAL**

**I.  THE REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JURISDICTION ARE SATISFIED**

10. Ancestry and Liu may remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441(b), 1446.

11. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the states in which it is incorporated or where it has its principal place of business. *See Prince v. Overton, et al*, No. CV SAG-25-00724, 2025 WL 1331907, at *1 (D. Md. May 7, 2025) ("By its own terms, then,

---

[2] As there is no record of proper service on defendant Liu, Exhibit A contains only such documents served upon Ancestry.

§ 1332(c)(1) offers two grounds for corporate citizenship—a corporation is (1) a citizen 'of every State and foreign state by which it has been incorporated' and (2) a citizen 'of the State or foreign state where it has its principal place of business;'" and finding that Defendant Cheesecake Factory was "formed in and remains headquartered in California" and that it was "therefore a citizen of California for diversity jurisdiction purposes, not a citizen of every state in which it operates a restaurant.") (citing § 1332(c)(1)).

12. Ancestry is and was at the time the action commenced, a corporation organized under the laws of Delaware with its principal place of business in Utah.

13. "For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled." *Caltrider v. AutoNation, Inc.*, No. CV BPG-22-1487, 2023 WL 3931990, at *2 (D. Md. June 8, 2023) (citing *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998)).

14. Lui is a citizen of California. She resides in California and is domiciled in California. While Lui has not been properly served in this matter, Lui consents to removal, reserving all rights and defenses, including as to personal jurisdiction.

15. Plaintiff's address is 309 Berlin Ave, Baltimore, Maryland 21225 according to his Complaint. Exhibit A at 8.

16. Upon information and belief, plaintiff is domiciled in Maryland and thus a citizen of the State of Maryland.

17. Because plaintiff and defendants are not citizens or residents of the same state, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).

18. The amount in controversy pleaded in the complaint exceeds the jurisdictional requirement of $75,000.

19. Plaintiff seeks damages in the amount of $400,000. Exhibit A at 8.

20. Accordingly, this Court may exercise diversity jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## II.   THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

21. Venue is proper in this district because the District of Maryland embraces the county where the above action is pending and Baltimore City is in the Northern Division. *See* 28 U.S.C. §§ 1441(a).

22. Defendants have complied with 28 U.S.C. §§ 1446(a), (b) and (d). Under 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, or orders on file in the state court and served on Ancestry in the state court are attached as Exhibit A. This Notice of Removal is being filed within thirty (30) days of service of the summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached thereto, will be promptly filed with the clerk of the Circuit Court for Baltimore City. In addition, defendants are serving a notice of filing of removal, with a copy of the notice of removal attached thereto, on plaintiff via email and First-Class mail.

23. No previous application has been made for the relief requested herein.

24. This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

By this notice, defendants do not waive any objections as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Defendants intend no admission of fact, law, or liability by this notice, and instead reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court for determination; that all further

proceedings in the state court suit be stayed; and that Defendants obtain all additional relief to which they are entitled.

Dated: June 3, 2025

/s/ *Benjamin O'Neil*
Benjamin O'Neil, Bar No. 29078
benoneil@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served on the party listed below via First-Class mail and email on June 3, 2025, to:

Edduard Prince
309 Berlin Avenue
Baltimore, MD 21225
Eprince1110@gmail.com

By: */s/ Benjamin O'Neil*
     Benjamin O'Neil